IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

HENRY CHRISTOPHER DAVIS,

    Petitioner,

v.                                       CIVIL ACTION NO. 1:16-CV-121
                                            (Judge Keeley)

B. VON BLANCKENSEE

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 20, 2016, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Following a Notice of Deficient Pleading [ECF No. 4], Petitioner paid the $5 filing fee on June 30, 2016. ECF No. 6. Petitioner is a federal inmate housed at FCI Morgantown and is challenging the validity of his conviction in the United States District Court for the Western District of Texas. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On September 2, 2009, Petitioner was charged in the Western District of Texas with Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of Title 21, U.S.C. §§ 846 and 841(a)(1) and 841 (b)(1)(A)(ii) (Count One) and Possession with intent to distribute 5 kilograms or more of cocaine in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii) (Count Six). ECF No. 23. On May 26, 2010,

---

[1] All ECF references in this section refer to case no. 3:09cr2453, Western District of Texas.

1

Petitioner was named in a Superseding Indictment and charged with Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of Title 21 U.S.C. §§ 846 and 841(a)(1) and 841(b)(1)(A)(ii) (Count One) and Attempted Possession with intent to distribute 5 kilograms or more of cocaine in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) (Count Six). ECF No. 161.On June 10, 2010, following a jury trial, Petitioner was convicted on both Counts. ECF No. 209.

On October 10, 2010, Petitioner was sentenced as to each Count to a term of imprisonment of 150 months to run concurrently and to a term of 5 years supervised release, also to run concurrently. Additionally, the Court ordered Petitioner to pay a $1000.00 fine and $200.00 special assessment. The Judgment and Commitment Order was entered on October 20, 2010. ECF 260.

On October 26, 2010, Petitioner filed a Notice of Appeal. ECF No. 263. On August 2, 2012, the Fifth Circuit filed its opinion in which it affirmed the judgment of conviction as to Count One and reversed the judgment of conviction as to Count Six based on the Court's lack of venue. The Fifth Circuit also modified Petitioner's judgment to impose only a $100.00 special assessment. ECF No. 327. On August 31, 2012, Petitioner filed a petition for rehearing. Document: 0051197219, Case10-50982, Fifth Circuit. On October 3, 2012, the Fifth Circuit denied the petition for rehearing. Id. Document: 00511972179. On October 19, 2012, Petitioner filed a petition for writ of certiorari with the United States Supreme Court. Id. Document: 00512031854. On November 26, 2012, the Supreme Court denied the petition. Id. Document: 00512063284.

On October 28, 2013, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. ECF No. 341. In his Motion, Petitioner alleged that his counsel provided ineffective assistance in that he failed to:

1. investigate any aspect of the prosecution's case against him;
2. perform a pretrial investigation and develop exculpatory evidence;
3. object to the Court's improper jury instruction regarding venue;
4. espouse a claim that his right to a speedy trial had been violated; or
5. impeach the Government's witnesses.

Petitioner also claimed that his appellate counsel provided constitutionally ineffective assistance when he failed to:

1. argue the Government did not establish a chain of custody and could not account for five kilograms of missing cocaine;
2. assert Petitioner was denied the opportunity to confront the witnesses against him; and
3. object to the Government's improper arguments during oral argument.

On April 17, 2015, the United States District Court denied Petitioner's § 2255 Motion and dismissed it with prejudice. In addition, the Court denied him a certificate of appealability. ECF No. 424. The Fifth Circuit denied Petitioner's motion for a certificate of appealability. ECF No. 471.

On October 1, 2015, Petitioner filed a Motion to Reduce Sentence pursuant to USSC Amendment 782. On that same date, the Court entered an order reducing Petitioner's sentence to 121 months imprisonment. ECF No. 449. According to the Bureau of Prisons inmate locator, Petitioner's projected release date is May 17, 2017.

### III. CLAIMS OF PETITION

In his § 2241 petition before this Court, Petitioner "raises" one claim for relief. More specifically, he challenges the validity of the government's charge of conspiracy with intent to distribute cocaine. In support of this challenge, Petitioner contends that his trial counsel violated his due process right during trial when he failed to object to the instruction on venue, which instructed the jury that it could enter a guilty verdict against him on the conspiracy charge by a preponderance of the evidence. Petitioner maintains that the court should have directed a verdict of acquittal because there was no evidence that he had any contact with the other defendants in the Western District of Texas. For relief, Petitioner requests that this Court "overturn my conviction on the ground of insufficient evidence, or on the same grounds the appellate court overturned the attempt conviction, which was improper venue." ECF No. 1 at 11.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v.

Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under Section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to Section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of Section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007)(internal citations omitted).

While the terms of Section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in Section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under Section 2241 **if** he can demonstrate that Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under

Section 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. In the Fourth Circuit, Section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

It appears that Petitioner is raising a claim of actual innocence. ECF No. 1 at 5. However, in order to raise a claim of actual innocence under § 2241, Petitioner must

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

> The limitation period shall run from the last of:
>
> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

first establish that he is entitled to review under § 2241 by meeting the <u>Jones</u> requirements,[3] which Petitioner has not, and cannot, do. Even if Petitioner satisfied the first and the third elements of <u>Jones</u>, the crime for which he was convicted remains a criminal offense, and therefore Petitioner cannot satisfy the second element of <u>Jones</u>. Accordingly, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the <u>Jones</u> requirements, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985);

---

[3] *See* <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. A freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 16, 2016

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE